JOSEPH VETTER, ADMR. v. CINCINNATI TRACTION CO.

1. NECESSITY DEMANDING DROPPING OF STREET CAR FENDER PRESENTS INSTANCE OF LAST CHANCE AND MUST BE PLEADED.

   An occasion necessitating the dropping of a street car fender presents an instance of the doctrine of last chance which to be available must be pleaded.

2. PRESUMPTION THAT STREET CAR WILL BE OPERATED AT REASONABLE SPEED AND GONG SOUNDED AT STREET INTERSECTION.

   One approaching a street railway track at a street intersection is justified in assuming that cars will be operated at reasonable speed and the gong sounded; hence, where a boy of four years is struck by a car approaching the crossing at excessive speed, not under the control of the motorman and no gong sounded, the negligence in operation constitutes the proximate cause of the accident.

ERROR to common pleas court.

*Cogan & Williams,* for plaintiff in error.
*Joseph Wilby,* for defendant in error.

Plaintiff's intestate, a child four years of age, was killed by being struck by a traction car at the Warsaw and Windfield avenues crossing. The jury found in favor of the traction company.

**GIFFEN, P. J.**

Negligence is charged in the petition as follows:

"Said defendant by its agents, officers and employes, did so carelessly, negligently and unlawfully operate one of its said

cars in this, to-wit, that said car was being operated at a very high and unlawful rate of speed, that the gong or warning bell was not sounded and that the fender on said car was not dropped.''

In the ordinary operation of a street car there is no duty on the part of the motorman to drop the fender. That duty arises only when he sees a person in danger of being run over by the car, and presents an instance of the doctrine of ''last chance,'' which to be available must be pleaded.

The charge of the court upon this subject was, therefore, not prejudicial.

The charge that ''preponderance of the evidence means all the evidence'' is of course erroneous, but it is manifest from other parts of the charge that the court did not intend to so instruct the jury, nor were they thereby misled. The charge of the court, at page 207 of the bill of exceptions, concerning the liability of the defendant and defining negligence, is misleading and prejudicial.

The concrete charge required to inform the jury what would constitute negligence of the defendant, under the pleadings, is expressed in the first proposition of the syllabus of the case of *Cincinnati St. Ry.* v. *Snell,* 54 Ohio St. 197 [43 N. E. Rep. 207; 32 L. R. A. 276], to wit: The failure to so regulate the speed of the car and give such warning (sounding the gong) as that the footman, using ordinary care himself, may, in the absence of unavoidable accident, cross in safety. It is probably true that the accident was unavoidable after the motorman first saw the deceased boy; but if the car approached the crossing at an excessive rate of speed, not being under control, and without warning, such negligence was the proximate cause of the accident.

The evidence tends to prove such negligence and the boy was not bound to anticipate it. He is entitled to assume that the car if any (for he evidently did not see it until he passed behind the coach in the funeral procession), was running at a lawful rate of speed, or the gong would be sounded. The motorman admits that he did not see the brother of the deceased, who

Vetter v. Traction Co.

crossed in front of the car a few moments before the accident, although the conductor standing on the rear platform did see him. This admission shows that the motorman was not keeping a proper lookout, and if he had, that he would have been reminded of the necessity of keeping the car under control to avoid injuring any other boy or person who might attempt to use the crossing. The testimony tends to prove that the accident would not have occurred, if the car had been under control and running at a reasonable rate of speed.

The definition of ordinary care as applied to the deceased infant given by the court, although erroneous, *Cleveland Rolling Mill* v. *Corrigan*, 46 Ohio St. 283 [20 N. E. Rep. 466; 3 L. R. A. 385; 15 Am. St. Rep. 596], was most favorable to the plaintiff and therefore affords no ground of complaint by him. The special charge requested by the plaintiff was properly refused.

Other errors are assigned but we find none that is prejudicial.

The judgment will be reversed for error in the general charge of the court and the cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.